UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| In the Matter of the Application of | No. C 13-80125 CRB (LB) |
| O2CNI CO., LTD., | **ORDER GRANTING PETITIONER'S AMENDED SECTION 1782 APPLICATION FOR DISCOVERY** |
| For an Order to Conduct Discovery for Use in a Foreign Legal Proceeding pursuant to 28 U.S.C. § 1782. | [Re: ECF Nos. 53 (redacted application), 55 (sealed application)] |

## INTRODUCTION

Petitioner O2CNI is a Korean company that contracted with a Korean subsidiary of Symantec Corporation, a United States corporation, to provide remote technical support via Korean call centers to Korean and Japanese end-users of Symantec's anti-virus and security product Norton Utilities. Symantec Corporation ended that relationship, and then its subsidiary Symantec Korea hired five former O2CNI employees and started providing the same technical support via its own Korean call center. Shin Decl., ECF No. 5, ¶¶ 9-20.[1] Symantec Korea apparently pushed O2CNI out of the market, and O2CNI attributes that success to the former O2CNI employees' disclosure of O2CNI's trade secrets to Symantec Corporation and its employees, including Steven Owyang. *Id.* ¶¶ 15-24.

---

[1] Citations are to the electronic case file ("ECF") with pin cites to the electronically-generated page numbers at the top of the page.

ORDER (C 13-80125 CRB (LB))

1    Criminal authorities in Korea thereafter began investigating Symantec, Mr. Owyang and his
2 supervisor Kevin Chapman (both of whom are Symantec employees located in Mountain View,
3 California), and the five former O2CNI employees.  In June 2013, O2CNI filed an application under
4 28 U.S.C. § 1782 to obtain discovery in the United States from Symantec Corporation and Mr.
5 Owyang to give to the Korean authorities for use in that investigation.  *See* Application, ECF No. 1.[2]
6 Under 28 U.S.C. § 1782(a), a court has discretion to grant an "interested person['s]" application for
7 discovery for use in foreign proceedings, including criminal proceedings.  O2CNI is an alleged
8 victim and the complainant with respect to the Korean investigation, and thus is an "interested
9 person."  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 ( 2004) (a complainant
10 who "triggers" an investigation by a state investigative body or a litigant in a foreign action qualifies
11 as an "interested person" under § 1782).  On October 29, 2013, after considering the factors
12 provided in *Intel*, the court denied the application without prejudice on the general ground that it
13 was too broad and not targeted to the criminal case.  *See* 10/29/13 Order, ECF No. 51.[3]  After the
14 Korean authorities indicted Symantec and the five former employees, O2CNI submitted an amended
15 application on January 17, 2014.  *See* Amended Application, ECF Nos. 53 (redacted version), 55
16 (sealed version).  The subpoenas (which are identical) that O2CNI now seeks to serve on Symantec
17 and Mr. Owyang are substantially more narrow than O2CNI's earlier ones that the court found to be
18 too broad.  *See* id., Exs. A & B, ECF Nos. 53-1 & 53-2.

19    The question is, on this record and in the exercise of the court's discretion under *Intel*, should the
20 court allow O2CNI to obtain discovery from Symantec Corporation and Mr. Owyang here to give to
21 the Korean prosecutors who have charged the five former employees in Korea?  The court held a

---

[2] Originally O2CNI also sought discovery to use in anticipated civil litigation in Japan, but the court denied that request without prejudice as premature, *see* 8/15/13 Order, ECF No. 41 at 15, and O2CNI did not challenge that determination, *see* Motion, ECF No. 45 at 7 n.1.  In its amended application, O2CNI does not seek discovery for use in the Japanese litigation; instead, it seeks discovery only for use in the Korean Criminal Proceedings.  *See* Amended Application, ECF No. 53 at 6.

[3] The order contains the factual and legal context for this order, and the court incorporates it here by reference.  The court previously held, and the parties do not dispute, that the statutory prerequisites are present for the court to issue an order pursuant to 28 U.S.C. § 1782.

hearing on February 20, 2014 and, with the parties' participation and agreement, narrowed the scope of the subpoenas even more. Upon consideration of the *Intel* factors, the new post-indictment posture, and the narrowed scope of the subpoenas, the court now exercises its discretion to order the discovery as described below.[4]

**ANALYSIS**

The following chart captures the discovery ordered at the hearing. As discussed at the hearing, if there are unforeseen burden issues or difficulties retrieving or identifying discovery, Symantec may raise those issues or difficulties with the court. The parties must first meet and confer (preferably with the assistance of technical liaisons) and then submit a joint letter describing any disputes. That process is described in the undersigned's standing order (attached). As the court told the parties at the hearing, the process is collaborative and encourages them to try to work out any issues on their own before asking for the court's assistance. For example, with the parties' input, the court limited the subpoenas' requests to certain time periods. One such time period is a year. If the productions reveal that it would be appropriate to enlarge the time period by a reasonable amount of time (say, two months), the parties should work it out. Similarly, some productions may be easier to produce than others and the documents produced might give guidance to the parties about what to look for and where when dealing with productions that are more difficult to produce.

The court also does not order the reciprocal discovery that Symantec asked for, at least on this record. If the processes do not work in the manner discussed at the hearing, it may be that identification of the trade secrets will be necessary to facilitate the easier retrieval of electronically-stored discovery.

///
///
///

---

[4] At the hearing, the parties agreed to the narrowed scope of the subpoenas, agreed that the court need not write another lengthy order because they would not appeal the decision, and agreed to a case management process to work out any production disputes.

ORDER (C 13-80125 CRB (LB))   3

| Request # | Summary of Request |
|---|---|
| 1, 2, 3, 4, 5 | The requests will be narrowed to the time frame from September 2011 to February 2012. As discussed at the hearing, the court's view is that the time frame is narrow, and the discovery should be fairly easy to gather. It is limited to the five former O2CNI employees. The request also limited it to "documents concerning the Identified O2CNI Trade Secrets," but as the court said at the hearing, that granular approach does not make sense given the nature of the relatively discrete request: uploads and downloads during a defined time period by the former employees. It would take longer, cost more, and result in delays. |
| 6 | O2CNI agreed to hold off on this production until after receipt of the other productions (given that the other productions might cover this category and in any event help narrow this broader request). |
| 7-10 | The subpoenas are narrowed to the time period from September 2011 to August 2012. |

If this order does not accurately capture what was discussed and agreed to at the hearing, the parties are welcome to either submit a short corrected order or schedule a telephone conference call through courtroom deputy Lashanda Scott.

## CONCLUSION

The court grants O2CNI's application for discovery.

This disposes of ECF Nos. 53 & 55.

**IT IS SO ORDERED.**

Dated: February 21, 2014

LAUREL BEELER
United States Magistrate Judge

ORDER (C 13-80125 CRB (LB))  4